IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AKILAH E. HATFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:12CV528-MHT |
| ) | |
| ARBOR SPRINGS HEALTH AND ) | |
| REHAB CENTER, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is presently before the court on the motion to dismiss filed by defendant Arbor Springs Health and Rehab Center ("Arbor Springs")[1] on July 13, 2012, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. # 7). Upon consideration of the motion and plaintiff's response (Doc. # 12), the court concludes that the Rule 12(b)(1) motion is due to be granted and that this action should be dismissed for lack of subject matter jurisdiction.

**Plaintiff's Allegations**

Plaintiff, proceeding *pro se*, filed a complaint in this action on June 21, 2012, alleging that this court has federal question jurisdiction over this action by virtue of 28 U.S.C. § 1331. (Doc. # 1, ¶ 1). In her complaint, as amended (see Docs. ## 6, 11), plaintiff alleges that she

---

[1] Defendant appears in this action as "Arbor Springs Health and Rehabilitation Center, Ltd. . . ., improperly identified in the Complaint as Arbor Springs Health and Rehab Center." (Doc. # 7, p. 1).

is a registered nurse and that, on June 15, 2012, a non-licensed worker, Suzy McHaney, who was escorting a patient to a medical appointment, asked plaintiff to give her the patient's narcotic pain medication to take with her.  When plaintiff refused, LPN Tracy Guthrie asked plaintiff to give the patient's pain pill to McHaney.  Plaintiff again refused, telling Guthrie that Guthrie could ask the LPN coming on duty to do so.  Plaintiff alleges that the LPN gave the pill to McHaney, that plaintiff responded to McHaney's question about when the patient had last received her medication , and that McHaney, at 10:00 a.m., gave the pain pill to the patient.  When plaintiff returned to work that night, she observed that LPN Guthrie had "signed out the patient's medication at 1000 on 6/15/2012[.]"  Plaintiff alleges that she refuses to use defendant's "Medication Release" forms to release narcotics, as she views the form to be inadequate and because doing so would put her license at risk; she further alleges that failure to record information on the patient's controlled substance record at the time the drug is administered is punishable by a fine or imprisonment.

Plaintiff further alleges that, on June 18, 2012, she went to the Director of Nursing and Assistant Director of Nursing to report "the fraudulent activities of the nurses and the illegal request made by the clinical liaison Suzy McHaney, and clinical manager of rehab Tracey Guthrie, LPN" and that, during the meeting, the Director of Nursing terminated plaintiff's employment "'for not being a team player.'" (Doc. # 1, ¶ 5). (Id.).  The day after she was fired, plaintiff sent complaints to the Alabama Board of Nursing, the Alabama Department of Industrial Relations, and the "Agency's Program Integrity Unit" complaining

2

about the actions of McHaney, Guthrie, and defendant Arbor Springs. (Exhibits 4, 5, and 6 to Complaint (Doc. # 1) and Exhibit to Amendment to Complaint (Doc. # 6). In her amendment to the complaint, plaintiff lists the bases for defendant's alleged liability: (1) "Termination expressly prohibited by statute"[2]; (2) "Termination where the employee has exercised a constitutional or statutory right or privilege"; (3) "Termination for refusing to engage in conduct that is unlawful"; (4) "Termination for reporting alleged unlawful conduct by the employer"; (5) Retaliation against uncovering the employer's illegal activities"; (6) "The existence of unsafe working conditions"; (7) "Harassment and intimidation used in requesting an illegal act"; and (8) "Harassment and intimidation used in retaliation to reporting the illegal activities." (Doc. # 6). Plaintiff asserts that an employee has "the right and privilege to refuse to violate Federal law, State law, and facility policy concerning controlled drug records of administration" and that an employer cannot fire an employee for doing so. (Id.).

## Federal Question Jurisdiction

As noted above, plaintiff invokes this court's jurisdiction pursuant to 28 U.S.C. § 1331. (Complaint, p. 1, ¶ 1). Defendant contends that, under the well-pleaded complaint rule, plaintiff has failed to allege any basis for this court's exercise of subject matter jurisdiction over this matter, even construing plaintiff's complaint liberally. (Doc. # 8, p. 2). Defendant points out that plaintiff: (1) fails to cite a single federal law as the jurisdictional

---

[2] Plaintiff does not identify a statute that prohibits termination under the circumstances alleged. (See Doc. # 6, p. 1).

basis for her lawsuit; and (2) fails to allege any facts sufficient to demonstrate that she was terminated in violation of a federal statute or Constitutional provision.  (Id., p. 3).

Plaintiff alleges that "[a]n employer is not permitted to fire an employee because the employee refuses to commit an act that is illegal," and that an "[e]mployee has the right and privilege to refuse to violate Federal law, State law, and facility policy concerning controlled drug records of administration." (Doc. # 6, Amendment to Complaint, p. 1; Doc. # 11, order allowing amendment).  In her response to the motion to dismiss, plaintiff asserts that Arbor Springs terminated her employment in violation of "Public policy, Facility policy, Federal law, State law, and Alabama Board of Nursing Administrative Codes." (Doc. # 12, p. 1). Of these, only one – "Federal law" – is relevant to defendant's Rule 12(b)(1) motion to dismiss for lack of jurisdiction.[3]

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[I]n order for a claim to arise under the Constitution, laws or treaties of the United States, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127 (1974)(internal quotation marks omitted).  "A case 'aris[es] under' federal law within the meaning of § 1331 ... if 'a well-pleaded complaint establishes either that federal law

---

[3] Nothing in plaintiff's complaint (Doc. # 1), amendment to the complaint (Doc. # 6), response to the motion to dismiss (Doc. # 12), or motion for leave to further amend her complaint (Doc. # 13) suggests the existence of diversity jurisdiction, and plaintiff has not sought leave to amend her complaint to allege jurisdictional grounds other than federal question.

creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Empire Heathchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006)(citation omitted). Under the latter analysis, "federal question jurisdiction should be narrowly construed. '[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction,' even where the interpretation of federal law may constitute an element of the state cause of action." Madzimoyo v. The Bank of New York Mellon Trust Co., N.A., 440 Fed. Appx. 728, 730 (11th Cir. 2011)(citing and quoting Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808, 810-14 (1986)(internal citations omitted).

In her response to the motion to dismiss, plaintiff identifies the Controlled Substances Act, 21 U.S.C. §§ 801, *et seq.*, as the law supporting federal question jurisdiction in this case. (Doc. # 12, pp. 3-13). In her complaint, as amended, plaintiff's reference to the Controlled Substances Act is included only within an allegation quoting some of the text found on the "Individual Residents Controlled Substance Record" form used by the defendant. (See Doc. # 1, p. 4). She does not allege an injury arising from the defendant's violation of any particular provision of the Act; instead, she asserts that defendant wrongfully terminated her employment for her refusal to violate the Act. Plaintiff alleges a sufficient basis for this court's assertion of subject matter jurisdiction only if she may bring a private cause of action directly under the Controlled Substances Act – *i.e.*, if the statute "creates the cause of action" – or if her state law wrongful termination claim "'really and substantially involve[s] a dispute

5

or controversy respecting the validity, construction or effect'" of the Controlled Substances Act. See Empire Healthchoice, *supra*, 547 U.S. at 689-90 ; Dunlap v. G & L Holding Group, Inc., 381 F.3d 1285, 1290 (citation omitted).[4] Neither of these circumstances exist here.

The Controlled Substances Act does not create the wrongful termination claim that plaintiff asserts in this action. The provisions of the Act on which plaintiff relies do not provide expressly for a private civil cause of action,[5] nor does the Act imply a private right of action. The critical inquiry in determining whether a federal statute implies a private right of action is that of Congressional intent. Love v. Delta Air Lines, 310 F.3d 1347, 1351-52 (11th Cir. 2002). The court looks first to the text of the statute for "rights-creating language." Id. (quoting Alexander v. Sandoval, 532 U.S. 275, 288 (2001)(internal quotation marks omitted). "Rights-creating language" explicitly confers a right on a class to which the plaintiff belongs. Love, 310 F.3d at 1352. "By contrast, 'statutory language customarily

---

[4] Dunlap, evaluating federal question jurisdiction in a case removed from state court, also discussed the complete preemption exception to the well-pleaded complaint rule. 381 F.3d at 1290-91. However, "complete preemption functions as a narrowly drawn means of assessing federal *removal* jurisdiction[.]" Blab T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc., 182 F.3d 851, 854 (11th Cir. 1999)(emphasis added). Even if complete preemption were a consideration in this case, Congress expressly disclaimed in the Controlled Substances Act any intention to preempt state law completely. See 21 U.S.C. § 903 ("No provision of this subchapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which that provision operates, including criminal penalties, to the exclusion of any State law on the same subject matter which would otherwise be within the authority of the State, unless there is a positive conflict between that provision of this subchapter and that State law so that the two cannot consistently stand together.").

[5] See Doc. # 12, pp. 3-13 (quoting 21 U.S.C. §§ 801, 802, 821, 822, 825, 827, 828, 829, 843, and 844). 21 U.S.C. § 843(f)(1) authorizes the Attorney General to commence a civil action for declaratory or injunctive relief, but does not provide for a civil action brought by a private plaintiff.

found in criminal statutes ... and other laws enacted for the protection of the general public," ... provides 'far less reason to infer a private remedy in favor of individual persons.'" Id. at 1352-53 (citations omitted).

The court next determines whether the statutory structure provides a discernible enforcement mechanism; if so, the court "ought not imply a private right of action because '[t]he express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others.'" Id. at 1353 (quoting Sandoval, 532 U.S. at 290). Only if the statute's text and structure have not resolved conclusively the question of whether a private right of action should be implied may the court turn to legislative history and the context of the statutory enactment to determine Congressional intent. Love, 310 F.3d at 1353. The Controlled Substances Act provides for enforcement through criminal, civil and administrative proceedings by the U.S. Attorney General. (See Tit. 21, Ch. 13, Subch. I, Pts. D and E). The text of the statutory provisions cited by plaintiff and the structure of the Act do not suggest Congressional intent to imply a private cause of action. See Durr v. Strickland, 602 F.3d 788 (6th Cir.), *cert. denied*, 130 S.Ct. 2147 (2010)(in a death penalty case, affirming district court's conclusion that declaratory relief was not available to the plaintiff, who challenged a lethal injection protocol, because no private right of action exists under the Controlled Substances Act); Jones v. Hobbs, 745 F.Supp.2d 886, 892 (E.D. Ark. 2010), *affirmed*, 658 F.3d 842 (8th Cir. 2011)("Congress created two elaborate statutory schemes, the [Food, Drug and Cosmetic Act] and the [Controlled Substances Act] that are

7

at issue here. In both statutory schemes, Congress defined the scope of jurisdiction granted to the district courts, and in neither instance did Congress include within the jurisdiction of district courts the authority to entertain causes of action brought by private individuals to enforce the statutes. Congress, instead, provided for enforcement of both the FDCA and the CSA by the executive branch."); McCallister v. Purdue Pharam L.P., 164 F.Supp. 2d 783 (S.D.W.Va. 2001)("The Court agrees with Plaintiffs' representation that a careful review of the [Controlled Substances Act], 21 U.S.C. §§ 801-971, establishes no Congressional intent to create a private, civil right of action[.]"). Thus, plaintiff alleges no cause of action created by federal law.

Additionally, plaintiff's state law wrongful termination claim does not present a substantial question of interpretation of the Controlled Substances Act. As noted above, "'[t]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction,' even where the interpretation of federal law may constitute an element of the state cause of action." Madzimoyo, *supra*, 440 Fed. Appx. at 730. Instead, plaintiff's right to relief must "'necessarily depend[] on resolution of a substantial question of federal law.'" Empire Heathchoice, *supra*, 547 U.S. at 689-90 (citation omitted). Resolution of the issue of whether the acts plaintiff refused to perform for Arbor Springs would have violated the Controlled Substances Act is immaterial to plaintiff's wrongful termination claim. Even assuming that those actions would have been illegal, Alabama law provides no cause of action for the wrongful termination of an at-will

8

employee, except where such a right has been created by the legislature. See Wesson v. Huntsman Corp, 206 F.3d 1150, 1154-55 (11th Cir. 2000)("The presumption exists in Alabama that an employment relationship of indefinite duration is 'at the will of either party.'")(citation omitted); Tyson Foods, Inc. v. McCollum, 881 So.2d 976, 983 n. 14 (Ala. 2003)(rejecting a claim of wrongful termination in violation of company policy because "an employer can discharge an at-will employee for a bad reason or no reason, and the employee has no right to recover damages for wrongful discharge, unless the Legislature has created such a right."); Hoffman-LaRoche, Inc. v. Campbell, 512 So.2d 725, 728 (Ala. 1987)(although the parties may provide otherwise by contract, "the rule is well settled in Alabama that an employee contract at will may be terminated by either party with or without cause or justification").[6] The Alabama Supreme Court "has repeatedly refused to modify [the at-will employment] doctrine even so much as to recognize a so-called *public policy* exception to its application" and, thus, has "refused to recognize an exception where an employee had been dismissed for refusing to commit a criminal act." Id. (italics in original); see also Forbus v. Sears Roebuck & Company, 958 F.2d 1036, 1041 (11th Cir. 1992), *abrogated on other grounds,* Digital Equipment Corp. v. Desktop Direct, Inc., 511 U.S. 863 (1994)("An at will employee in Alabama can be discharged for any reason, regardless of whether the employer's motive is reasonable, unreasonable, justified, unjustified, indifferent, malicious, or even illegal."); Wright v. Dothan Crysler Plymouth Dodge, Inc., 658 So.2d 428,

---

[6] Plaintiff does not allege or argue that her employment was other than "at will."

9

431 (Ala. 1995)("Wright urges this court to create a public policy exception to the employment-at-will doctrine. We decline to do so[.]"); Dykes v. Lane Trucking, Inc., 652 So.2d 248, 250 (Ala. 1994)(declining to "carve out a public policy exception to the employee-at-will doctrine" and noting that "[h]istorically, [the Alabama Supreme Court] has deferred to the judgment of the legislature as to the need for such an exception); Howard v. Wolff Broadcasting Corp., 611 So.2d 307, 313 (Ala. 1992), *cert. denied*, 507 U.S. 1032 (1993)(refusing to adopt a 'public policy' exception to permit a claim of termination based on gender, where the employer was exempt from federal employment discrimination law, stating, "[W]e should not be understood as condoning a person's discharge because of gender. We merely hold that it is the province of the legislature to create such an exception[.]"); Hinrichs v. Tranquilaire Hosp., 352 So.2d 1130 (Ala. 1977)(refusing to adopt a public policy exception to employment-at-will doctrine where employee alleged she was terminated for refusing to falsify medical records). Thus, the illegality under the Controlled Substances Act of the actions plaintiff refused to perform is not even an element of her state law wrongful termination claim, and is not dispositive of her claim. See Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1295 (11th Cir. 2008)("Because the dispute in Empire Healthchoice was between private parties, the federal issue was not dispositive of the case, and the ... claim was 'fact-bound and situation-specific,' the Court held that federal jurisdiction was inappropriate."). Since resolution of plaintiff's wrongful termination claim does not depend on a substantial question regarding the Controlled Substances Act, her claim

does not "arise under" federal law so as to allow this court to exercise federal question jurisdiction.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that:

(1) Arbor Springs Health and Rehabilitation Center, Ltd., be substituted for the defendant identified incorrectly as Arbor Springs Health and Rehab Center;

(2) plaintiff's motion for leave to amend her complaint to add defamation and libel claims (Doc. # 13) be DENIED; and

(3) defendant's motion to dismiss (Doc. # 7) be GRANTED pursuant to Fed. R. Civ. P. 12(b)(1) and that this action be DISMISSED for lack of jurisdiction.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before September 18, 2012. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 4th day of September, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE